# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

In re:

SCOTT CHRISTIAN SIMPSON,

                Debtor.

Case No. A07-00385-DMD
Chapter 13

**Filed On 6/10/08**

## MEMORANDUM RE MOTION FOR SANCTIONS

        The debtor, Scott Simpson, has filed a motion to impose sanctions for violation of the automatic stay against GMAC Mortgage, Mortgage Electronic Registration Systems, Inc. ("MERS"), and HomeComings Financial Network, Inc., under 11 U.S.C. § 362(k)(1). For the reasons stated below, I find that the motion should be denied.

Factual Background

        Simpson filed his chapter 13 petition on August 7, 2007. He scheduled a home in Anchorage with a market value of $218,000.00 and a deed of trust lien held by HomeComings Financial Network, Inc., of about $180,000.00.[1] His initial chapter 13 plan proposed to cure about $13,000.00 in prepetition arrearages due HomeComings.[2]

        Simpson fell behind on his post-petition mortgage payments. MERS, as nominee for HomeComings, filed a motion for relief from stay on October 26, 2007.[3] At

---

[1] Schedules A and D, filed Aug. 7, 2007 (Docket No. 1).

[2] Ch. 13 Plan, filed Aug. 7, 2007 (Docket No. 5).

[3] Mot. for Relief From Stay, filed Oct. 26, 2007 (Docket No. 28).

that time, Simpson had missed two post-petition payments. MERS and Simpson entered a stipulation for adequate protection on January 11, 2008,[4] which was approved by the court January 14, 2008.[5] The stipulation contained the following provisions:

> 1. In addition to regular monthly payments, Debtor shall also tender the January 1, 2008, payment to Movant in the sum of $1,639.40 on or before January 15, 2008.
>
> 2. Debtor shall tender regular monthly payments in the amount of $1,639.40 to Movant, which amount is subject to change, pursuant to the terms of the subject Note (the "Note"), commencing February 1, 2008, and continuing until all such outstanding amounts under the Note are to be paid in full.
>
> 3. The post-petition arrears are calculated as follows:
>
> | | | |
> |---|---|---|
> | 10/1/07 | 1 payment @ $1,635.50 | $1,635.50 |
> | 11/1/07 - 12/1/07 | 2 payments @ $1,639.40 | $3,278.80 |
> | Post-Petition Late Charges | 3 late charges @ $66.50 | $199.50 |
> | Property Inspection Fee | | $75.00 |
> | Broker's Price Opinion | | $95.00 |
> | Attorney's Fees and Costs | | $950.00 |
> | Less Funds Held in Suspense | | <610.99> |
> | Total Arrears | | $5,622.81 |
>
> 4. The post-petition arrears as outlined in paragraph three (3) will be paid through the Debtor's Chapter 13 Plan and an Amended Proof of Claim to be filed by Movant. Payments are

---

[4] Stip. Granting Adequate Protection, filed Jan. 11, 2008 (Docket No. 42).

[5] Order on Stip. Granting Adequate Protection, filed Jan. 14, 2008 (Docket No. 44).

2

    to be remitted to: GMAC at Default Cash, 1100 Virginia Drive, P.O. Box 8300, Fort Washington, PA 19034.[6]

 Simpson remitted his January, February, and March, 2008, mortgage payments to GMAC on January 28, 2008, February 19, 2008, and March 4, 2008, respectively.[7] The January and February payments, which were made electronically, were returned to the debtor's account.[8] The debtor argues that the return of the checks was a violation of the automatic stay which entitles him to damages. He contends the return of the checks impaired his ability to propose a confirmable plan and breached the implied covenant of good faith and fair dealing. He seeks damages in the amount of $2,000.00 for each returned check, plus his costs and attorney's fees.

 MERS has opposed the debtor's motion. It contends the debtor breached the terms of the stipulation for adequate protection because he submitted electronic payments rather than remitting his mortgage payments by mail to "GMAC at Default Cash," as provided in paragraph 4 of the stipulation.[9] MERS also notes that there is no evidence that GMAC ever received the checks which were returned to the debtor. MERS suggests that perhaps the debtor's bank made an error and sent the checks to the wrong party.

---

[6] Stip. Granting Adequate Protection, at p. 2 (Docket No. 42).

[7] Pl.'s Ex. 2.

[8] Pl.'s Ex. 1, p. 6.

[9] I feel that the adequate protection stipulation is ambiguous on this point. Its Paragraph 4, which requires payments to be remitted by mail to GMAC at Default Cash, specifically references the arrearage amounts itemized in paragraph 3. Paragraph 4 does not expressly apply to the monthly mortgage payments listed in paragraphs 1 and 2 as well.

3

Discussion

The debtor says the returned checks violated 11 U.S.C. § 362(a)(3), which provides that the filing of a bankruptcy petition operates as a stay against "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."[10] An individual injured by a willful violation of the stay "shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."[11] Here, I find that the act of returning the mortgage payments to the debtor did not violate the stay under subsection (a)(3) or any other subsection of § 362(a). A mortgagor's improper allocation of funds which are voluntarily remitted may breach a contract or violate provisions of a confirmed plan, but is not a stay violation.[12]

Nor can I find that the debtor has suffered any actual damages on account of the return of the funds. The debtor has, in fact, proposed a confirmable plan. MERS has agreed to waive the late fees and other charges which would have otherwise accrued due to the two missing post-petition mortgage payments. The mortgage arrearages have been liquidated and will be paid under the terms of the debtor's confirmed plan.

---

[10] 11 U.S.C. § 362(a)(3).

[11] 11 U.S.C. § 362(k)(1).

[12] *See Padilla v. Wells Fargo Home Mtg. (In re Padilla),* 379 B.R. 643, 664-665 (Bankr. S.D. Tex. 2007).

4

Under the facts present here, there is simply no basis to find a stay violation or sanctionable conduct on the part of MERS. The debtor's motion will, therefore, be denied. An order will be entered consistent with this memorandum.

DATED: June 10, 2008

>BY THE COURT
>
> /s/ Donald MacDonald IV
> DONALD MacDONALD IV
> United States Bankruptcy Judge

Serve:  C. Johansen, Esq.
        S. Lee, Esq.
        L. Compton, Trustee
        U. S. Trustee

06/10/08